NEW YORK, O. & W. RY. CO. v. NELSON et al.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1912.)

1. EMINENT DOMAIN (§ 246*)—PROCEEDINGS' TO TAKE PROPERTY—RIGHT TO DISCONTINUE.

Under Code Civ. Proc. § 3374, providing that the court in a condemnation proceeding may, on application by the plaintiff within thirty days after the entry of final order, direct a discontinuance of the proceeding, a motion for permission to discontinue made within 30 days after the final order is in time, irrespective of when the motion is heard.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 647–657; Dec. Dig. § 246.*]

2. EMINENT DOMAIN (§ 246*)—PROCEEDINGS TO TAKE PROPERTY—RIGHT TO DISCONTINUE.

Under Code Civ. Proc. § 3374, authorizing the court, on application of the plaintiff in a condemnation proceeding, to direct a discontinuance thereof on payment of the costs, fees, and expenses, where the plaintiff duly makes an application for permission to discontinue and neither the public nor third parties have done anything, relying on the plaintiff's intention to acquire the property, the court has authority merely to prescribe the terms of the discontinuance, and cannot absolutely deny permission to discontinue.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 647–657; Dec. Dig. § 246.*]

Spring and Robson, JJ., dissenting in part.

Appeal from Special Term, Oswego County.

Condemnation proceeding by the New York, Ontario & Western Railway Company against Willis. S. Nelson, individually and as executor of Lucy A. Nelson, deceased, and others. From an order denying permission to plaintiff to discontinue the proceeding, it appeals. Reversed and remitted.

The proceeding was commenced in July, 1910, to condemn certain lands in the city of Fulton owned by the defendants. The defendants served an answer denying the necessity of the acquisition of the land in question by the plaintiff for the purposes of the corporation 'and opposed the proceeding. The ssue thus joined was referred to a referee, who rendered a decision in favor of the plaintiff, and against the defendants upon which judgment was entered. Thereafter commissioners of appraisal were appointed who made an award under date of October 7, 1911, fixing the compensation of the defendants for the property proposed to be taken from them at $11,500. The award so made was duly filed on the 27th day of October, 1911, and a final order confirming the award of the commissioners on motion of the defendants was entered in the office of the clerk of the county of Oswego, N. Y., on the 18th day of December, 1911. On the 17th day of January, 1912, the plaintiff served a notice of motion for an order authorizing and directing the abandonment and discontinuance of the proceedings instituted by it to acquire the lands of the defendants, and an order denying the motion of the plaintiff for permission to discontinue such proceeding was entered in the office of such clerk on the 4th day of March, 1912. From such order this appeal is taken.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

P. W. Cullinan, of Oswego, for appellant.
Giles S. Piper, of Fulton, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLENNAN, P. J. [1] We think that there is no force in the defendants' contention that the motion to abandon and discontinue the condemnation proceeding was not made in time. The notice of motion to discontinue such proceeding was made within the 30 days specified in the statute, and it was made returnable at the first Special Term of the Supreme Court held in the county of Oswego at which such motion could be heard. It seems to us that the provision of the statute is complied with when the motion for permission to discontinue or abandon the proceeding is made within 30 days and so irrespective of when such motion may be heard. Otherwise the plaintiff in such case would be under the necessity of seeing to it that a Special Term was in existence competent to hear its motion within the time prescribed by the statute. Our conclusion is as to this question that the motion of the plaintiff was seasonably made within the meaning of the section of the Code applicable thereto.

[2] The more important question is whether the Special Term in its discretion was justified in denying plaintiff's motion for permission to discontinue and abandon the proceedings herein. The provisions of the statute giving the plaintiff in condemnation proceedings the right to discontinue and abandon are very broad. Section 3374 provides:

"Upon the application of the plaintiff to be made at any time after the presentation of the petition and before the expiration of thirty days after the entry of the final order, upon eight days' notice of motion to all other parties to the proceeding who have appeared therein or upon an order to show cause, the court may in its discretion and for good cause shown authorize and direct the abandonment and discontinuance of the proceeding upon payment of the fees and expenses, if any, of the commissioners, and the cost and expenses directed to be paid in such final order, if such final order shall have been entered and upon such other terms and conditions as the court may prescribe; and upon the entry of the order granting such application and upon compliance with the terms and conditions therein prescribed, payment of the amount awarded for compensation, if such compensation shall have been theretofore awarded shall not be enforced, but in such case if such abandonment and discontinuance of the proceeding be directed upon the application of the plaintiff, the order granting such application, if permitting a renewal of such proceedings, shall provide the proceedings to acquire title to such lands or any part thereof shall not be renewed by the plaintiff without a tender or deposit in court of the amount of the award and interest thereon."

By the provisions of such statute the court had the right to practically place the defendants in the same position that they were in before the institution of this proceeding. It was authorized to award such costs and such damages as the defendants had been subjected to or had sustained by reason of the institution of the proceedings in question, but we think that the court had no right under the facts appearing in this record to hold that the condemnation proceeding could not be discontinued and abandoned. So far as here appears, the reason for discontinuance and abandonment of the proceeding was that the amount awarded by the commissioners was greatly in excess of what the plaintiff thought it ought to expend for the acquisition of such property, and, it being so convinced, it determined that it would forego the facilities offered by the acquisition of the real estate in question because it thought that such acquisition would cost more than it ought

to pay for the additional facilities. We can understand how a court would be entirely justified in refusing to grant a motion for a discontinuance or abandonment in a case like the one at bar if third parties or the public had done something relying upon the plaintiff's intention to acquire the property in question. To illustrate: If the city of Fulton, relying upon the declared intention of the plaintiff to locate its freight depot or station upon the lands in question, had laid out a public street leading to such depot or station at an expense to the city, or if private individuals had expended money in the erection of buildings or making improvements or otherwise because of their reliance upon the declaration of the plaintiff that it was going to take and occupy the premises in question for a certain purpose, another question would be presented. But nothing of that kind appears in this case. No one is interested in the solution of the proposition save the plaintiff and the owners of the property described in the petition, and the plaintiff is in the attitude of saying under the statute:

"We are willing to pay to the owners of the real estate whose lands we sought to acquire all the damages resulting to you because of our efforts to acquire the same."

It would seem that under the statute the plaintiff had the right as between it and the property owners to discontinue and abandon the proceeding by which it was sought to acquire such property and that the only question presented to the Special Term was the fair and reasonable terms upon which the permission to discontinue and abandon such proceeding should be given.

We conclude that under the statute the application of the plaintiff for permission to discontinue and abandon the proceeding was made in time, and that such application should be granted upon such terms and conditions as under all the circumstances would be just and equitable, and that the matter should be remitted to the Special Term to fix and determine the conditions under which the plaintiff may discontinue and abandon such proceeding under the provisions of the statute to which attention has been called.

It follows, therefore, that the order appealed from should be reversed, with costs to the appellant.

Order reversed, with $10 costs and disbursements, and matter remitted to the Special Term for its further action thereon in accordance with the opinion. All concur, except SPRING, and ROBSON, JJ., who dissent upon the ground that the court at Special Term properly exercised its discretion.