---

(81 Misc. Rep. 324.)

In re HUDSON RIVER TOLL BRIDGE.

(Supreme Court, Special Term, Saratoga County. June, 1913.)

1. EMINENT DOMAIN (§ 169*)—PURCHASE BY COUNTY—CONDEMNATION PROCEEDINGS.

Under Highway Law (Consol. Laws 1909, c. 25) § 265, providing that, when the commissioners appointed to appraise a toll bridge sought to be condemned by a county shall determine the value of the bridge, the Attorney General shall certify such determination to the boards of supervisors, which shall adopt a resolution approving the purchase of the bridge and providing for payment, the approval of the purchase rests in the discretion of the boards.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 461; Dec. Dig. § 169.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EMINENT DOMAIN (§ 245*)—PURCHASE BY COUNTY—CONDEMNATION—PASSING OF TITLE.

Highway Law, (Consol. Laws 1909, c. 25) § 265, by providing that the county boards of supervisors shall adopt a resolution approving the purchase of a toll bridge by the county upon a certification to them of the determination of the value of the bridge by the commissioners appointed, contemplates that the approval of the purchase of the bridge by the board rests in its discretion, and Code Civ. Proc. § 3369, requires that the judgment of condemnation in such proceeding shall declare that the property is necessary for the public use, and that upon making compensation the plaintiff may take and hold the property for such use, whereupon commissioners shall be appointed to ascertain the amount of compensation, and on the confirmation of the award a final order shall be made directing that compensation be made pursuant to the determination of the commissioners, and on such payment plaintiff shall be entitled to take possession and hold the property for the public use specified in the judgment. Held, that until payment of the award the title to a toll bridge condemned by two counties remained in the bridge company, so that it must bear any loss from a flood occurring after the award was made, but prior to confirmation thereof.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 637; Dec. Dig. § 245.*]

3. EMINENT DOMAIN (§ 124*)—COMPENSATION—TIME OF AWARD.

Damages are awarded in condemnation proceedings as of the date when the award is made.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 332–344; Dec. Dig. § 124.*]

4. EMINENT DOMAIN (§ 237*)—SETTING ASIDE AWARD—POWER OF COURT.

Since courts have the power to set aside their orders independent of statute, the court could under its inherent power set aside an order confirming the report of commissioners in proceedings to condemn a toll bridge for a county and their award therefor on the ground that the bridge was damaged by flood after the award but prior to confirmation, though such grounds are not specified in Code Civ. Proc. § 3371.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

5. EMINENT DOMAIN (§ 237*)—COMPENSATION—SETTING ASIDE AWARD—NEW APPRAISAL.

Upon setting aside an award of commissioners in condemnation of a toll bridge for a county, on the ground that the bridge was damaged after the award, but before its confirmation, a new appraisal should be made fixing the value of the bridge as of the time of such appraisal, instead of merely having the commissioners make a supplemental report.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

In re condemnation proceedings by the State to acquire a toll bridge across the Hudson river between Mechanicsville, Saratoga county, and Schaghticoke, Rensselaer county, owned by the Mechanicsville Bridge Company. On motion by the State, by the Attorney General, to set aside an order confirming the report of commissioners and their award. Motion granted.

Thomas Carmody, Atty. Gen., and Wilber W. Chambers, Deputy Atty. Gen., for the State.

Oscar Warner, of Mechanicsville, and William E. Bennett, of Schuylerville, for defendant Bridge Co.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BORST, J.    The state moves through the Attorney General to set aside an order confirming the report of commissioners in condemnation proceedings and their award.

The Mechanicsville Bridge Company owns a toll bridge which spans the Hudson river, the one end of which is in the county of Saratoga, and the other end in the county of Rensselaer, and which connects highway systems in the two counties. Pursuant to the highway law, such proceedings were taken by the Attorney General that commissioners were appointed to appraise the value of the bridge and its franchise rights. Thereafter the commissioners made their report which was duly confirmed by an order of this court on the 4th day of April, 1913. On April 8th the Attorney General certified to the State Comptroller and to the board of supervisors of those counties the expense of the bridge, as required by the highway law. Thereupon the board of supervisors of Rensselaer county by resolution approved the purchase of the bridge. The board of supervisors of Saratoga county, however, has not yet acted on the certificate of the Attorney General nor approved the purchase of the bridge.

Each of these steps are required under the highway law before payment for the bridge can be enforced. It appears that prior to the confirmation of the award, but after it was made and on March 28, 1913, the bridge was damaged by a flood to the extent as the Attorney General asserts of from $3,000 to $6,000, and as the bridge company asserts of $500. No question is made but that this damage was unknown to the state officials at the time of the confirmation of the award of the commissioners.

[1] Favorable action is necessary by the board of supervisors of each county before the proceeding is complete, and whether a board of supervisors shall approve the purchase of the bridge rests in the discretion of the board. Highway Law (Consol. Laws 1909, c. 25) § 265; In re Toll Bridge, State v. Black Lake Bridge Co. (Sup.) 137 N. Y. Supp. 485. If the purchase is approved, then one-half of the expense of condemning and acquiring the bridge is to be paid by the State Treasurer upon the warrant of the Comptroller, and the other one-half of such expense is apportioned between the counties and the towns in which the toll bridge is located for which apportionment the statute provides. The disposition of the motion in this case depends upon which of the parties should bear the loss from the injury to the bridge which occurred after the making of the award and before its confirmation.

[2, 3] I am of the opinion that, until the payment of the award, the title to the bridge remained in the bridge company. That the different steps taken in the proceeding prior to that time did not have the effect to change the title. The general proposition asserted by counsel for the bridge company is undoubtedly correct, that the damages in condemnation proceedings are to be awarded as of the date when the award is made. In re City of N. Y., 139 App. Div. 238, 123 N. Y. Supp. 1018; Matter of Brooklyn Ry. Co., 105 App. Div. 111, 93 N. Y. Supp. 924. But if after the making of the award, and even after confirmation, if the property sought to be acquired is damaged,

it would seem that the loss should fall upon its owner. On the argument of this motion, it was conceded that the bridge company was in the possession of the bridge and collecting toll for its use.

To determine the question of title involved, we must read together the condemnation act of the state and the provisions in the highway law for the condemnation of toll bridges. The judgment of condemnation in such a proceeding as this provides (section 3369, Code of Civil Procedure) that the property sought to be condemned is necessary for the public use, and that upon making compensation therefor the plaintiff (the people, in this proceeding) could take and hold it for such use. Commissioners are appointed to ascertain the amount of compensation for the property to be taken. On the confirmation of the award, a final order is made directing that compensation shall be made pursuant to the determination of the commissioners, and that, on payment of such compensation, the plaintiff shall be entitled to enter into the possession of the property condemned and hold it for the public use specified in the judgment. The plaintiff may at any time until 30 days after the entry of the final order for good cause shown have an order discontinuing the proceeding.

It will be seen from this summary that the preliminary adjudication is only that the property may be taken for the public use, provided the further steps shall be taken; that it is only on the payment of the award made by the commissioners that the plaintiff in the proceeding may have possession and hold it for public use. If the title vested in the plaintiff by virtue of the judgment of condemnation, it would be subject to be divested at the will of the plaintiff until 30 days after the confirmation of the award. Further, the title to the property would change prior to the making compensation therefor. The refusal of the board of supervisors of the county of Saratoga to approve the purchase of the bridge rests, as we have seen, in its discretion. If the title has vested in the state and the supervisors of that county are contumacious enough to refuse to accept the bridge, the bridge company will have lost the title to its property, without payment therefor. Matter of Coms. Wash. Park, 56 N. Y. 144. Code of Civil Procedure, § 3371, provides that the court can confirm or set aside the report of the commissioners and the grounds specified in that section as reasons for setting it aside are irregularity, error of law in the proceedings before the commissioners, and that the award was excessive or insufficient. Here, however, the report has been confirmed, and it is asked that the order confirming it be set aside and the award as well.

[4] The award is sought to be set aside on grounds other than that specified in the section of the Code last referred to. The grounds stated in that section, however, are not specified as the only grounds on which the award may be set aside; unless it be accepted that, because it specifies certain grounds for vacating the award, it precludes all others. However that may be, I think that in such a case as that presented here the court has the inherent power to set aside the order and award. No provision of law has been suggested which prohibits a court from doing this, and the situation seems to call for its exer-

cise.   Courts, independent of statute, have the power to modify, vacate, and set aside its orders and judgments, and, while the award made by the commissioners was not an order or judgment of the court, yet it was made in a proceeding taken in the court, and is subject to the control of the court.   Weston v. City National Bank, 88 App. Div. 330–336, 84 N. Y. Supp. 743.   Whether the power to vacate an order or proceeding will be exercised in a given case is in the discretion of the court, and I think this case calls for the exercise of that power.   If the bridge had been swept away, it would be a harsh rule of law which would prevent the opening of the proceedings and the allowance of that fact to be shown.   The 30 days within which plaintiff might discontinue the proceedings has elapsed; and, unless the relief sought by this motion is granted, it may be that the proceeding would be hung up and the plaintiff unable to move backward or forward.

The objection is made that, as the Attorney General after the order of confirmation had been granted certified the value of the bridge to the comptroller and to the board of supervisors, his duties ended, and that he cannot be heard on behalf of the state to question the right of the bridge company to the payment of the award as fixed by the commissioners.   I think it follows from what has been suggested here, however, that, until the award has actually been paid, the power is vested in the court to protect the parties, and this independent of any of the provisions contained in the condemnation law of the state.

[5] Counsel for the state has asked that the order of confirmation be set aside and the commissioners permitted to make a supplemental report, fixing the damage to the bridge from the flood.   I think, however, if the matter is to be opened, a new appraisal must be made fixing the value of the bridge as of the time of such appraisal.

An order will be made setting aside the order of confirmation and the award of the commissioners.   Counsel for the bridge company has suggested in his brief that, if such an order should be made, other commissioners should be appointed.   There is nothing in the papers presented to show the necessity for other commissioners.

The order may be settled on notice, and the counsel heard on the question suggested.