In the Matter of the Application of the CITY OF SYRACUSE, Respondent, to Acquire Title to Lands for the Construction and Equipment of a Sewage Disposal Works for Said City.

BENEDICT F. HABERLE and Others, Appellants.

Fourth Department, March 6, 1918.

Eminent domain — condemnation of lands by city of Syracuse for sewer purposes — right of defendant to have report and evidence filed — right of city to discontinue proceedings — statute construed.

Where in a condemnation proceeding instituted by the city of Syracuse under the statute authorizing it to acquire lands to be used for a sewage disposal plant, the commissioners appointed have delivered their report with the evidence to the proper agents of the plaintiff, the defendant is entitled to an order that said report and evidence be filed if the plaintiff has refused to file the same upon demand.

But where it is undisputed that the city did not take possession of the property involved in the proceeding and did not do any act inconsistent with its right to discontinue the proceeding, the Special Term in its discretionary power was justified in granting the city leave to discontinue.

Section 5 of chapter 356 of the Laws of 1907, authorizing the condemnation of lands for the sewage disposal plant and providing that the city may enter upon, occupy and use the real estate sought to be condemned, does not have the effect of vesting the lands absolutely and irrevocably in the city when the oaths of the commissioners were filed. Said section merely gave to the city a privilege of entry not bestowed by the Code of Civil Procedure, and if that right was not asserted there is no bar to a discontinuance of the proceeding.

APPEAL by Benedict F. Haberle and others from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 5th day of December, 1917, permitting the petitioner to discontinue and abandon this proceeding, and denying their motion to compel said petitioner to file the commissioners' report and the evidence herein.

*Walter Welch,* for the appellants.

*Carl E. Dorr* and *Stewart F. Hancock,* for the respondent.

DE ANGELIS, J.:

This is a condemnation proceeding instituted by the city of Syracuse, through its intercepting sewer board, pursuant

to section 5 of chapter 356 of the Laws of 1907, to acquire lands to be used for a sewage disposal plant. The appeal involves two questions: *First*, whether or not the Special Term was justified in denying the appellants' motion to compel the plaintiff through its proper agents to file the report of the commissioners and the evidence taken upon the hearing, and, *second*, whether or not the Special Term was right in granting leave to the plaintiff to discontinue the proceeding.

The order appointing the commissioners in the condemnation proceeding was entered August 12, 1915. The commissioners took their oaths September 3, 1915, and the certificate thereof was filed in the office of the clerk of Onondaga county September 29, 1915. The hearing before the commissioners was had and the report of the commissioners, bearing date March 15, 1916, together with the evidence, was delivered on or about that date to the agents for the plaintiff. On or about the 31st day of May, 1916, the defendants served upon the proper agents of the plaintiff a written request that the report and evidence should be filed. Neither the report nor the evidence was filed. The order requiring the plaintiff to show cause why they should not be filed was obtained and served on or about June 15, 1916. The order to show cause why the plaintiff should not be permitted to discontinue the proceeding was obtained by the plaintiff and served on or about June 16, 1916. Both of these applications came on to be heard at the same time and the determination thereof is embodied in the order appealed from.

It is undisputed that the plaintiff did not take possession of the property involved and did not perform any act inconsistent with its right to discontinue the proceeding.

We think that it was the duty of the plaintiff's agents, upon receiving the report and the evidence, to file the same, certainly after the demand of the defendants that they be filed. We are of the opinion, therefore, that the Special Term was in error in denying defendants' motion to require the filing of the report and the evidence and that its order in that respect should be reversed and the motion granted.

But we think the Special Term properly granted plaintiff's

motion to discontinue the proceeding. The circumstances disclosed in the record justified such relief, unless section 5 of the Intercepting Sewers Act prohibited the same.

The general rule is well established that a proceeding to acquire title to real estate in the exercise of the right of eminent domain may be discontinued upon the application of the party seeking such title by the permission of the court in which such proceeding is pending, at any time before the report of the commissioners appointed to determine the value of the property is confirmed and for a reasonable time thereafter. The reason for the rule is well stated by Chief Justice BEASLEY, of the Court of Errors and Appeals of New Jersey in *O' Neill* v. *Freeholders of Hudson* (41 N. J. L. 161, 172, 173). Our Condemnation Law (Code Civ. Proc. §§ 3357–3384) in express terms provides for the abandonment and discontinuance of such a proceeding in the discretion of the court in which such proceeding is pending and for good cause, upon the application by the plaintiff before the expiration of thirty days after the entry of the final order. (§ 3374.)

The Intercepting Sewers Act provided for a board of three members to carry out the scheme of the act. Section 5 of the act is as follows:

" Such board is hereby further authorized and empowered for and in the name of the city of Syracuse to contract for, purchase and acquire by deed or by condemnation proceedings in accordance with the provisions of the Code of Civil Procedure, any and all lands, easements, water rights, property, hereditaments, rights and privileges deemed necessary to carry out and effectuate the purposes of this act; and its engineers, surveyors and agents are hereby authorized and empowered to enter upon any real estate in said city for the purpose of making such surveys, examinations and maps as may be deemed necessary for such purposes. In case commissioners to ascertain the compensation to be made to the owners of real estate in proceedings for the condemnation thereof shall be appointed, as provided by the Code of Civil Procedure, the city of Syracuse shall, on filing the oaths of said commissioners in the office of the clerk of Onondaga county, be and become seized of such real estate as shall be shown and described on such maps prepared therefor as real estate of which it has

been determined that the fee or easement therein shall be acquired for the purposes of carrying out the provisions of this act, and such board for and in the name of the city may enter upon, occupy and use such real estate so shown and described on such maps and so required for such purposes."

The appellants argue that at the moment at which the oaths of the commissioners in this proceeding were filed the title to the real estate in question vested absolutely and irrevocably in the plaintiff, the city of Syracuse. This claim is so out of harmony with the general procedure employed in the exercise of the right of eminent domain that it should not be sustained unless expressed in language susceptible of no other construction. We think another and more reasonable interpretation of the language may be adopted. The Condemnation Law as contained in the Code and section 5 of the act under consideration must be read together. It is to be observed that under this act, if condemnation proceedings had to be resorted to to acquire real estate for the proposed improvement, such proceedings were to be taken " *in accordance with the provisions of the Code of Civil Procedure.*" It must have been the design of the Legislature, therefore, to give the plaintiff all the benefits of the condemnation procedure prescribed by the Code. Under section 3380 of the Code temporary possession of the premises sought might have been given by the court to the plaintiff in case an answer were interposed, but not otherwise. The last sentence in section 5 of the act was not necessary in order to give the plaintiff the full benefit of the condemnation procedure of the Code. The design of the Legislature in the adoption of the last sentence was to give the plaintiff a privilege not bestowed by the Code provisions. The lawgivers intended to give the plaintiff the privilege of entering upon, occupying and using the property sought, if the plaintiff so elected, as soon as the oaths of the commissioners were filed. This privilege might have been accepted by the plaintiff, but it did not ask for nor in any manner accept the privilege.

We think the ruling of the Special Term upon this question should be sustained.

It follows that that portion of the order denying the application of the appellants to compel the respondent's agents to

file the commissioners' report together with the evidence should be reversed and the application granted and that the order under review in other respects should be affirmed, without costs.

All concurred.

Order, so far as it denies the motion to compel respondent's agents to file commissioners' report together with the evidence, reversed and motion granted; in all other respects the order is affirmed, without costs of this appeal to either party.