JACK GLASER, Respondent, v. MOLLIE GLASER, Appellant.— Interlocutory judgment unanimously affirmed, without costs. No opinion. Present — Young, Rich, Kapper, Lazansky and Hagarty, JJ.

IRA M. GREENE, Appellant, v. MAURICE BIEDERMAN, Respondent.— The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Order denying plaintiff's motion for leave to reargue motion to discontinue action, and to vacate judgment of dismissal, affirmed, with ten dollars costs and disbursements. No opinion. Rich, Young, Kapper and Hagarty, JJ., concur.

HUNT'S MODERN PAPER PRODUCTS, INC., Appellant, v. INDEPENDENT PAPER MILLS, INC., and PAUL H. HORWITT, Respondents.— Orders dismissing second, third and fourth causes of action set forth in amended complaint affirmed, with ten dollars costs and disbursements. No opinion. Young, Kapper, Lazansky, Hagarty and Carswell, JJ., concur.

In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title, etc., to the Undedicated Portion of Jersey Street, etc., in the First Ward, Borough of Richmond, City of New York.— Order denying motion to tax disbursements reversed upon the law, with ten dollars costs and disbursements, and proceeding remitted to the Special Term to ascertain, upon proof or by reference, the amount of disbursements incurred by appellant. We are of opinion that the motion was made in time ( New York, Ontario & Western R. Co. v. Nelson, 152 App. Div. 245), and that the condemnation proceeding was duly " taken " within the meaning of section 992 of the Greater New York Charter.* We do not decide the correctness of the bill of alleged disbursements presented by appellant. What has been incurred by it in the course of the condemnation proceeding only, as to which alone it is entitled to reimbursement, is a matter to be determined upon proof. Young, Kapper, Hagarty, Seeger and Carswell, JJ., concur.

In the Matter of the Petition of ANNIE MEIER, Respondent, to Prove the Last Will and Testament of THEODORE MEIER, etc., Deceased. HERMAN J. MEYERS, Appellant.— Decree of the Surrogate's Court of Kings county unanimously affirmed, with costs to respondent payable out of the estate. We are of the opinion that the will was executed in accordance with the provisions of section 21 of the Decedent Estate Law. Concededly, the execution of the will conformed to the statute in so far as the witness Anderson is concerned. The decedent's statement to the witness England was a sufficient publication. While this publication to England was not a part of the original transaction, it was sufficient, since the document admitted to probate was physically before the testator and the witness England. Present — Young, Lazansky, Hagarty, Seeger and Carswell, JJ.