In the Matter of MUNICIPAL HOUSING AUTHORITY OF THE CITY OF SCHENECTADY, Appellant, Relative to Acquiring Title to Lands Situated in the City of Schenectady. ROSE LEVINE et al., Respondents, et al., Defendants.

Third Department, May 19, 1954.

*Christian X. Kouray* for appellant.

*Alexander Grasso* for Mary Gallo, respondent.

*H. W. Sevits* and *Bernard Ellenbogen* for Rose Levine, respondent.

Coon, J. This is a condemnation proceeding. Only two properties are involved on this appeal, one parcel owned by respondent Rose Levine and another owned by respondent Mary Gallo. We will take up the third appeal first, because in view of the conclusion we have reached on that appeal, the others become academic.

As a part of a slum clearance program plaintiff-appellant has acquired by purchase all of the property in a certain area designated for clearance except the two parcels here involved. In March, 1952, condemnation proceedings were started to acquire these two parcels, and commissioners of appraisal were appointed on March 25, 1952. The commissioners fixed the value of the Rose Levine property at $9,300, and the value of the Mary Gallo property at $12,800. Confirmation was opposed by appellant, but the report was confirmed. Appellant then made a timely motion, pursuant to section 18 of the Condemnation Law, for permission to abandon and discontinue the proceeding. Upon this motion the court had before it the petition of appellant seeking authority to abandon the proceeding, an affidavit of Mary Gallo consenting to the abandonment, and nothing else. However, counsel for Rose Levine orally objected to the abandonment. Counsel for Mary Gallo, with authority, stated orally upon the argument of this appeal and in his brief, that his client still consents to the abandonment, and would like to live in her property involved " for the rest of her life."

Appellant has not taken possession of the property or in any way disturbed the occupancy and enjoyment of the property

by the owners. In fact, it could not take possession of the property until the payment of the compensation awarded, which has not been made. (Condemnation Law, § 15.)

Section 18 of the Condemnation Law provides, in substance, that the court may, in its discretion and for good cause, authorize the abandonment and discontinuance of a proceeding upon the payment of fees and expenses and on such other terms and conditions as the court may prescribe. In other words, it provides for adequate protection of the rights of the property owner and in effect provides for placing the owner in *status quo* as though the proceeding had never been commenced. Here it does not appear that the owners have taken any action in reliance upon the proceeding, or suffered any damage other than the expenses of the proceeding.

The area involved here was not to be acquired for the purpose of erecting a new housing project, but only to eliminate the existing buildings. The purpose was then for the appellant to sell the land to private owners, presumably for industrial use. It appears that appellant has determined, in conjunction with the New York State Division of Housing, that it would not be feasible to pay the amounts awarded for these two properties, and that to do so would curtail the slum clearance activities planned in other areas. It is said that the awards are approximately three times the amounts anticipated, and with the limited funds at its disposal, if appellant is compelled to pay these awards it will seriously hamper and curtail its planned purposes rather than to aid them. The Authority is charged with the responsibility for its program, and presumably has special knowledge and experience in carrying out the purposes for which it was created. We do not think that a court should compel it to proceed in a different direction than its considered judgment dictates.

Such applications for abandonment are usually granted upon the very reasons here assigned. (*Matter of City of Utica* [*Weaver Sons Co.*], 233 App. Div. 888, revg. 141 Misc. 15, motion for leave to appeal denied 268 N. Y. 724; *New York, Ontario & Western Ry. Co.* v. *Nelson,* 152 App. Div. 245.)

In *O'Neil* v. *Freeholders of Hudson* (41 N. J. L. 161), the court, after calling attention to the fact that the owner is entitled to reparation and would suffer no detriment by the abandonment, used the following appropriate language: " On the other side, the rule in question is a necessity in view of the rational conduct of public affairs; the question whether a projected improvement is wise or unwise, expedient or inexpedient, cannot be answered

by any one who is ignorant of the expense that it involves, and therefore to require public agents, in handling these matters, to disregard this plain dictate of common sense, would be altogether absurd. A man of prudence relinquishes a project when he finds the cost is likely to exceed, in a large measure, its benefits; it would seem intolerably unreasonable to require the agent of the public to pursue the opposite course.''

After the amount which it will be required to pay is ascertained, the Authority should have the discretion to go on with the project or not, as it deems wise. That would seem to be the very purpose and objective of section 18 of the Condemnation Law.

We find in the record before us no sufficient reason to warrant, in the discretion of the court, the denial of the application, especially when one of the two owners involved requests that it be granted.

The order entered on February 16, 1953, denying permission to abandon and discontinue the proceeding, should be reversed, and the matter remitted to the County Court with directions to grant the order upon conditions and to fix the costs and terms, without costs on this appeal. The appeals from the order entered on December 19, 1952, and the order entered on January 3, 1953, should be dismissed as academic.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur.

Order entered on February 16, 1953, denying permission to abandon and discontinue the proceeding, reversed on the law and facts and in the exercise of discretion, without costs on this appeal, and the matter remitted to the County Court with directions to grant the order upon terms, including reimbursement to respondents for costs and expenses and the expenses of this proceeding.

Appeals from the order entered on December 19, 1952, and the order entered on January 3, 1953, dismissed as academic.