John J. Walsh, J.
The Municipal Housing Authority, plaintiff, sought to acquire certain real property owned by the defendant, by a petition duly presented to this court on May 8, 1962. Subsequent thereto, a judgment was granted on June *492 15, 1962 adjudging that the condemnation of the defendant’s real property was necessary for the public use, and that the plaintiff was entitled to take and hold the said real property for said public use upon making compensation therefor, and appointed William J. Halpin, Walter M. Dowling and Francis Finnegan as Commissioners of Appraisal for the purpose of ascertaining the compensation to which the defendant and the other interested parties were entitled.
The Commissioners, after hearing the evidence adduced at a large number of hearings held for these purposes, awarded to the defendant, Josephine Buffini, the sum of $42,709.93, as compensation for the real property.
This determination, together with other allowances and awards made in connection with the said proceedings, was contained in a report of the Commissioners dated April 22, 1964.
This report was thereafter amended and supplemented upon remand to the Commissioners by a report dated July 20, 1964.
The defendant, Josephine Buffini, duly applied to this court for confirmation of the report of the Commissioners, and the aforesaid award, and the same was duly confirmed by an order which was dated August 25, 1964 and entered in the Oneida County Clerk’s office on the same date.
On September 17, 1964 and within 30 days subsequent to the date of confirmation of the aforesaid final order, a fire of unknown origin damaged the buildings situated on the subject parcel, resulting in what plaintiff now claims, total destruction of the rear building and extensive damage to the two front buildings.
Following the fire, and within 30 days of the entry of the final order, plaintiff applied to this court for an order authorizing and directing the abandonment and discontinuance of the condemnation proceedings. This application was made on September 21, 1964 by service upon counsel for defendants of a copy of the application.
Subsequent to the date of the fire, and on the 17th day of September, 1964, the defendant, Josephine Buffini, pursuant to CPLB 2222, docketed the aforesaid final order of confirmation as a judgment of this court. Notice of the docket of such order was served upon plaintiff’s attorney on or about October 6,1964.
No payment of the aforesaid award made to the defendant, Josephine Buffini, in the amount of $42,709.93, or any part thereof, has been made to her, nor any of the costs and expenses authorized paid to any other person. Neither has the plaintiff at any time prior to the date of the fire, nor at any time up to the present, come into actual possession of the aforesaid property.
*493 Plaintiff, by an order to show cause, served upon attorney for the defendant on October 8, 1964 applied to this court for an order vacating and setting aside said judgment entered by defendant, on the ground that plaintiff’s rights under section 18 of the Condemnation Law will be prejudiced by the enforcement of the same, in view of the events which it claims occurred subsequent to the confirmation of the award.
The application to discontinue and abandon the condemnation was argued before this court on October 13, 1964 and decision was reserved.
Defendant strenuously opposes the application and alleges in her answering affidavit that “ Josephine Ruffini, had no insurance on the structures and has not recovered and will not recover any moneys for said damages ” and “ that to vacate the judgment at this time would only cause further injury to the defendant ’ ’.
Defendant further alleges in her answering affidavit in opposition to the application to abandon the proceedings, “ That in taking the premises in its present condition, the plaintiff will not sustain any loss, damage or injury, in fact will sustain a gain since the property was condemned for public use in connection with off-site clearance and for public parking and for this purpose the property would be cleared.”
In its petition, the Municipal Housing Authority alleges: ‘ ‘ 11. That plaintiff now desires to abandon and discontinue this proceeding for the reason that the property which the plaintiff was authorized to acquire upon paying the compensation provided for in the order of confirmation has been substantially destroyed; that a substantial part of said property no longer exists; that the payment in the amount authorized by said order without proper adjustment by reason of the damage, would unjustly shift such loss to the plaintiff; that the order of confirmation contemplated that plaintiff, upon paying the compensation therein provided, would acquire the real property in substantially the same condition as it existed prior to the fire, and such condition no longer exists.”
The petitioner-plaintiff requests an order permitting it to abandon and discontinue its proceeding to acquire by condemnation defendants’ property, or in the alternative that plaintiff be permitted to take and hold said property and enter into possession thereof for the uses and purposes set forth in the judgment of condemnation after payment of the fair and reasonable market value of the property remaining.
This application is made pursuant to section 18 of the Condemnation Law which provides: “18. Abandonment and discontinuance of proceeding Upon the application of the plaintiff *494 to be made at any time after the presentation of the petition and before the expiration of thirty days after the entry of the final order, upon eight days’ notice of motion to all other parties to the proceeding who have appeared therein, or upon an order to show cause, the court may, in its discretion, and for good cause shown, authorize and direct the abandonment and discontinuance of the proceeding, upon payment of the fees and expenses, if any, of the commissioners, and the costs and expenses directed to be paid in such final order, if such final order shall have been entered, and upon such other terms and conditions as the court may prescribe; and upon the entry of the order granting such application and upon compliance Avith the terms and conditions therein prescribed, payment of the amount awarded for compensation, if such compensation shall have been theretofore awarded, shall not be enforced, but in such case, if such abandonment and discontinuance of the proceeding be directed upon the application of the plaintiff, the order granting such application, if permitting a renewal of such proceedings, shall provide that proceedings to acquire title to such lands or any. part thereof shall not be renewed by the plaintiff without a tender or. deposit in court of the amount of the award and interest thereon,”
While it is true in the instant case that a final order confirming the award of the Commissioners was made and entered without opposition and actually with the consent of the' plaintiff, the above section of the Condemnation Law, which is the law of eminent domain in the State of New York, authorizes plaintiff to discontinue and abandon within 30 days of such final order. The statute does not predicate such action upon opposition to the final order. It is completely silent in that respect.
Of course, the statute uses the words “ discretion ” and “ for good cause shoAvn ’ ’. The meaning and effect of these words will be discussed hereinafter.
Title does not vest in the plaintiff, Municipal Housing Authority, until payment is made to the landowner, and no payment has been made herein.
Section 15 of the Condemnation Law provides as follows: “ If the report is confirmed, the court shall enter a final order in the proceeding, directing that compensation shall be made to the OAvners of the property, pursuant to the determination of the commissioners, and that upon payment of such compensation, the plaintiff shall be entitled to enter into the possession of the property condemned, and take and hold it for the public use specified in the judgment.”
In Matter of City of Syracuse (224 N. Y. 201, 209-210, affg. 182 App. Div. 176), the court stated clearly as follows: ‘ ‘ Under *495 the Condemnation Law the taking of land becomes complete only after compensation has been made; upon the happening of that event and only then is the owner divested of title to his land. Under section 3374 [old Code of Civil Procedure, now embodied verbatim in section 18 of the Condemnation Law] the party condemning may, in the discretion of the court before the expiration of thirty days from the entry of the final order, be permitted to discontinue the proceeding. That section, however, presupposes that payment has not been made and thereby the taking of the land which is the controlling fact has not been completed. ’ ’
Defendant, in opposing this application stresses the statutory expression ‘' discretion ’ ’ but an application under section 18 of the Condemnation Law is addressed to the legal and not to the arbitrary discretion of the court.
In Winans v. Winans (124 N. Y. 140, 145), the court said: ‘ ‘ But an application for leave to discontinue is addressed to the legal, not the arbitrary, discretion of the court, and it cannot capriciously deny it. This court in the Matter of the Petition of Butler (101 N. Y. 307), reversed an order denying leave to discontinue upon the ground that the facts before the court did not furnish a basis upon which to rest a denial of the application. Pinch, J., in delivering the opinion of the court said: ‘ In such a case, through the control which the court exercises over the entry of its order, there is discretion to refuse; but where there are no such facts, and nothing appears to show a violation of the right or interest of the adverse party, the plaintiff may discontinue, and a refusal of leave becomes merely arbitrary and without any basis upon which discretion can exist.”
In Matter of City of Utica v. George F. Weaver’s Sons Co. (233 App. Div. 888), the Appellate Division reversed Mr. Justice Dowling’s refusal to permit abandonment of condemnation proceedings for a municipal garage (141 Misc. 15) under section 18 of the Condemnation Law, saying: ' ‘ Application under that section should ordinarily be granted (N. Y., O & W Ry Co. v. Nelson, 152 App. Div. 245). We find in the record before us no sufficient reason to warrant, in the discretion of the court, a denial of the application. ’ ’
In the Weaver case, the City of Utica sought a site for a municipal garage and began condemnation proceedings in 1928 and 1929. Commissioners were appointed; hearings were held; a report and award made by a majority of the Commissioners: the award was confirmed and a final order entered.
*496 While the condemnation proceedings were being conducted and before the award was made and confirmed, the newly elected Mayor of Utica, Charles S. Donnelly, took office, and in keeping with a campaign pledge sought to have the Commoun Council rescind the ordinance for condemnation. His efforts were not immediately successful and the award was confirmed over the opposition of the city that the award was excessive and the opposition of the landowner that it was inadequate.
Shortly after the confirmation of the award on July 3, 1930, the Common Council on July 14, 1930 rescinded its original ordinance for condemnation, and on July 19, 1930 (within the 30-day period) applied for permission to abandon condemnation.
Upon remand from the Appellate Division in the Weaver case, the trial court granted the application to abandon and this was subsequently affirmed (243 App. Div. 851) and a further appeal was denied (268 N. Y. 724).
In the case of New York, Ontario & Western R. R. Co. v. Nelson (152 App. Div. 245), the court clearly indicated that as between the condemning authority and the property owner, the condemnor has a right to discontinue and abandon upon paying the landowner all the damages resulting from the efforts to acquire the property.
The court went on to say (pp. 248-249): “ We can understand how a court would be entirely justified in refusing to grant a motion for discontinuance or abandonment in a case like the one at bar if third parties or the public had done something relying upon the plaintiff’s intention to acquire the property in question * * * the only question presented to the Special Term was the fair and reasonable terms upon which the permission to discontinue and abandon such proceeding should be given.” (Emphasis supplied.)
In Matter of People of State of New York (The Mechanicville Bridge Co.) (81 Misc. 324 [1913]), the State sought to set aside an order confirming the report of Commissioners of Appraisal in condemnation proceedings. In that case, the Mechanicville Bridge Company owned a toll bridge spanning the Hudson River. The State desired to take it over and operate it as a public facility.
Prior to the confirmation of the award, but after the report was made, the bridge was damaged by a flood. The fact of such damage was not known to the State at the time the award was confirmed. The State thereafter, and after the 30-day period had expired, moved to set aside the order confirming the report of the Commissioners and the court granted the motion, saying (p. 326): “ But if after the making of the award, *497 and even after confirmation, if the property sought to be acquired is damaged, it would seem that the loss should fall upon its owner.”
The plaintiff in the case before this court is a public agency using public funds and is accountable for the manner in which such funds are expended. Whether the damage caused by the fire is little or great, there is no question that the Municipal Housing-Authority will not be receiving the full value of the condemned property at the value ascertained by the Commissioners.
The defendants appear to contend that this application is one governed by equitable principles and that the court should weigh the relative positions of the parties and deny the application. In this respect, the court feels that defendants are in error, as this proceeding is one of statutory law.
In Matter of Municipal Housing Auth. of Schenectady v. Levine (284 App. Div. 162, 165 [1954]) the Appellate Division reversed the denial by the County Court of an application to abandon and discontinue condemnation proceedings and remitted the matter to the County Court ‘' with directions to grant the order upon terms, including reimbursement to respondents for costs and expenses ”.
In its opinion, the court said (p. 164): “It is said that the awards are approximately three times the amounts anticipated, and with the limited funds at its disposal, if appellant is compelled to pay these awards it will seriously hamper and curtail its planned purposes rather than to aid them. The Authority is charged with the responsibility for its program, and presumably has special knowledge and experience in carrying out the purposes for which it was created. We do not think that a court should compel it to proceed in a different direction than its considered judgment dictates.”
In its petition, the plaintiff-petitioner sought as alternative relief that it be authorized to take possession of the Ruffini property upon payment to the defendant of the fair market value of the property as it presently exists damaged by the fire.
Defendants contend in their brief that there is no provision in law for such a remedy and this court agrees. (Matter of Dickens, 238 App. Div. 850, affd. 262 N. Y. 699.) A court cannot amend its final decree confirming the report of award in the absence of sufficient showing of irregularity or fraud.
This court, in an effort to secure an adjustment or settlement, has conferred without success with both parties and then-counsel.
The plaintiff has already committed public funds and will be required to pay other costs and expenses upon abandonment.
*498 In view of the inability of the parties to arrive at an amicable settlement, it is the opinion of the court that it has no alternative except to grant the application of the Municipal Housing Authority to discontinue and abandon the condemnation proceeding upon the following terms and conditions: (1) The fees and expenses of the Commissioners of Appraisal as confirmed in the final order must be paid (Condemnation Law, § 18); (2) the fees and expenses of the stenographers as confirmed in the final order must be paid (Condemnation Law, § 18); (3) the moving expenses allowed to the defendant Josephine Ruffini and to John Musa as confirmed in the final order must be paid (Condemnation Law, § 18); (4) reasonable allowance for legal services by counsel for the defendant from the institution of the original petition in condemnation to the date of the entry of the final order (Matter of Bastian, 156 Misc. 171); (5) all damages resulting to the defendant because of the institution of the proceedings to acquire the property sought to be condemned (Matter of Bastian, 156 Misc. 171); (6) the Municipal Housing Authority shall not renew any proceeding to condemn the property in question without a tender or deposit in court of the amount of the award and interest thereon (Condemnation Law, § 18).
Since counsel has declined to stipulate the amount of damages sustained by defendant, it will be necessary to ' ‘ take oral proofs as to the respondents’ expenses and damages to be imposed as terms” of abandonment. (See Matter of Bastian, 241 App. Div. 906, revg. 156 Misc. 168; see, also, 156 Misc. 171.)