■ In the Matter of MUNICIPAL HOUSING AUTHORITY OF THE CITY OF UTICA, Respondent, v. JOSEPHINE RUFFINI, Appellant, et al., Defendants.— Order unanimously reversed, with costs, and motion denied, with $10 costs. Memorandum: The Authority in 1962 commenced proceedings to condemn realty owned by appellant. The resolution authorizing such action stated that the proposed acquisition was "in connection with the clearance, replanning, reconstruction and rehabilitation of an area designated as PROJECT NYS—90 Off-Site Clearance Area and as a site for public parking area and/or municipal purposes". Following lengthy hearings and miscellaneous proceedings the award of the Commissioners was confirmed by order of August 25, 1964. The buildings on the property were damaged by fire on September 17, 1964. Thereafter the Authority sought and obtained an order authorizing it to discontinue the proceeding upon stated conditions. The sole ground set forth in the moving papers for such relief was the fire damage to the buildings. Section 18 of the Condemnation Law provides that after presentation of a petition and before the expiration of 30 days after entry of final order "the court may, in its discretion, and for good cause shown, authorize and direct the abandonment and discontinuance of the proceeding". A further provision of section 18 requires

that the order granting discontinuance must mandate that proceedings to acquire title shall not be renewed " without a tender or deposit in court of the amount of the award and interest thereon." It follows that such an application should be based on facts showing that for one reason or another the property is no longer needed, wanted or required for the purpose it was originally sought. (Cf. *Matter of Municipal Housing Auth. of Schenectady,* 284 App. Div. 162; *Matter of City of Utica* [*Weaver's Sons Co.*], 233 App. Div. 888, revg. 141 Misc. 15; *New York, Ontario & Western Ry. Co.* v. *Nelson,* 152 App. Div. 245.) *Matter of People of State of New York* (*Mechanicville Bridge Co.*) (81 Misc. 324) relied on by respondent is distinguishable. There the State proposed to condemn a privately owned bridge. It was damaged by a flood and abandonment of the proceeding was permitted because of decrease in value of the facility. That decision would have pertinency if respondent had submitted proof that it planned to make some use of the buildings. To the contrary, it is here plain that respondent planned to do what the fire has accomplished — demolish the buildings and use the land as an off-site clearance area for public parking or other municipal purposes. Moreover, there are allegations in one of the affidavits that the City of Utica (as distinguished from the separate Housing Authority) plans to acquire the site by a later and independent condemnation proceeding. Respondent has failed to show good cause to discontinue the proceeding. (Cf. *New York Cent. & Hudson Riv. R. R. Co.* v. *Marshall,* 127 App. Div. 534, 538.) It is unnecessary to decide whether or not the application was made in good faith. (Appeal from order of Oneida County Court, granting plaintiff's motion to abandon a condemnation proceeding upon certain terms and conditions.) Present — Williams, P. J., Bastow, Henry and Del Vecchio, JJ. [44 Misc 2d 491.]