In the Matter of AMUSEMENTS, INC., Respondent-Appellant, v. DOMINICK N. ASSARO, as Mayor of the City of Utica, et al., Appellants-Repondents.

Fourth Department, June 25, 1971.

*Rocco A. Solimando, Corporation Counsel (Nathan J. Siegel of counsel), for appellants-respondents.*

*John E. Flemma (Earle C. Bastow of counsel), for respondent-appellant.*

MOULE, J. This appeal presents the question whether Amusements, Inc. is entitled to recover the amounts it paid the city for tax sale certificates on 1963 and 1964 real property taxes on property subsequently acquired by the city in a condemnation proceeding in which the order of confirmation signed December 11, 1968 vested title in the city as of November 22, 1963, and, if so, at what rate of interest.

On November 15, 1963, Rocco M. Vivenzio and Edward F. Butler owned premises at 219–235 Bleecker Street in the City of Utica, known as the Hamilton Hotel. On that day the City of Utica obtained an order appointing condemnation commissioners and granting the city possession on removal of all tenants. The city took possession on November 22, 1963 but title remained in Vivenzio and Butler. They failed to pay the 1963 real property taxes and, on May 29, 1964, Amusements, Inc. purchased a tax sale certificate for them for $30,542.19. They also failed to pay the 1964 taxes and Amusements, Inc. purchased a tax sale certificate for them on May 28, 1965 for $31,524.03. Both certificates provided that if the owner should not redeem the property from the effect of the sale within a period of 15 months by the payment to the Treasurer of the city of the money paid thereon, together with the fees and expenses with interest at the rate of 12% per annum, then the purchaser would be entitled to a deed.

On June 29, 1967, although it had not acquired title, the city conveyed the property by quitclaim deed to the Utica Urban Renewal Agency which, in turn, conveyed it to Stanley Department Stores. In July, 1968 the city applied for an order confirming the report of the condemnation commissioners and also requested that title be vested in it *nunc pro tunc* as of November 22, 1963, the date it took possession. An order confirming the report and vesting title *nunc pro tunc* was signed on December 11, 1968. The order also provided that taxes assessed against the property prior to November 22, 1963 be deducted from the award. On January 21, 1969 an order was granted deducting $33,977.39 from the award for the 1963 taxes plus interest. Nothing was deducted for 1964 taxes. The city and Amusements, Inc. sought to modify that order, requesting that 1964 taxes also be deducted from the award. This application was denied on the merits on April 7, 1969.

Amusements, Inc. commenced this article 78 proceeding seeking payment of the face amount of the certificates plus interest at 12% from the dates of purchase.

Special Term held that the sale of the 1963 taxes to Amusements, Inc. discharged the taxes and, therefore, the city was not entitled to retain the amount deducted from the condemnation award for 1963 taxes, and that Amusements, Inc. was entitled to be reimbursed the amount it paid for the certificate with interest at the rate of 3% under section 3-a of the General Municipal Law and not 12% as provided in the certificate. It also held that there was an irregularity in the sale of the 1964 taxes, that since

the city was the owner of the property there were no taxes due on which a tax sale certificate could be sold, and that, under section 14–31 of the Utica City Charter, Amusements, Inc. was entitled to restitution plus interest at 6%.

The city maintains in this article 78 proceeding that it is not bound by the *nunc pro tunc* effect of the order signed December 11, 1968 and that it was justified in selling the certificates in 1964 and 1965 since no compensation had been paid to the owners and title had not vested in the city. This order was not appealed insofar as the relevant decretal paragraph was concerned, and the *nunc pro tunc* provision became final.

The general rule is that in a condemnation proceeding, title does not pass until compensation is paid. (19 N. Y. Jur., Eminent Domain, § 65; *Matter of City of Syracuse,* 224 N. Y. 201, 209.) This is to preserve the condemnor's right to move to abandon and discontinue the proceeding. (Condemnation Law, § 18; *Matter of Municipal Housing Auth.* [*Levine*], 284 App. Div. 162.) The order confirming the report of the commissioners usually provides that the condemnor is to take and hold the property upon payment of compensation. (Condemnation Law § 15.) The city, however, in the application for the order of confirmation, specifically requested a provision in it that title should vest in the city *nunc pro tunc* as of November 22, 1963 and stated in its application that on May 19, 1967 it had conveyed the property to the Utica Urban Renewal Agency and had had the "full use, enjoyment and possession of said premises from November 22, 1963."

The city is estopped from maintaining that title did not vest on November 22, 1963: " One who, as a party to an action, has helped to induce a ruling of the court which appears to be to his advantage, is not to be permitted to seek a change in the ruling, or to question its validity, because it has turned out to be to his disadvantage. The rule against inconsistent positions applies to positions assumed in the course of the same action or proceeding, including an appeal from the judgment rendered therein, and even in separate actions or proceedings involving the same parties and questions. It is clear that one who accepts the benefit of a judgment is estopped from taking a position against the judgment either in the same action or another action growing out of such judgment." (21 N. Y. Jur., Estoppel, § 55).

Inasmuch as the city's title vested *nunc pro tunc* as of November 22, 1963 there could be no tax liens for the years of 1963 and 1964 (cf. *Matter of City of New York* [*Boscobel Ave.*], 242 App. Div. 392) and the sales for 1963 and 1964 taxes became invalid. (*Matter of Knocklong Corp.* v. *Seaman,* 6 Misc 2d 895.)

The Utica City Charter in section 14–31 provides: "Whenever any purchaser under such sale   *   *   *   shall be unable to recover or retain possession of any real estate sold to him, by reason of any irregularity or error in the assessment of any person or property, or the levying of any tax or assessment thereon, or in any proceedings for the collection of any tax or assessment, general or local, the common council shall reimburse the purchase money so paid with interest from the time of its payment, at the rate of six per centum per annum ". (L. 1923, ch. 658, art. V, § 10.) Consequently, the sales of tax certificates for nonexistent tax liens were irregular and erroneous.

The ex parte action of the city in obtaining the *nunc pro tunc* order could not cut off petitioner's vested rights. On December 11, 1968 petitioner's rights against the property were transformed into rights against the condemnation award. (*Matter of County of Nassau [Gelb — Siegel]*, 24 N Y 2d 621; *Muldoon* v. *Mid-Bronx Holding Corp.*, 287 N. Y. 227.) If the city at that time had not requested the *nunc pro tunc* vesting of title, the order would have provided for the deduction of 1963 and 1964 taxes from the award. This constituted an error in the proceedings for the collection of the taxes and entitled petitioner to recover the amounts it paid for the certificates plus interest at 6%.

The order should be modified to provide that the city pay petitioner $30,542.19 with interest at 6% per annum from May 29, 1964.

GOLDMAN, P. J., MARSH and WITMER, JJ., concur.

Order unanimously modified in accordance with the opinion herein, and as so modified affirmed, with costs to Amusements, Inc.