In the Matter of the Application of THERON E. BASTIAN and Others, Constituting the Monroe County Park Commission, to Acquire Land in the Town of Webster at Nine Mile Point, Owned by HIRAM W. WRIGHT and Others.*

County Court, Monroe County, October 11, 1933.

*James E. Cuff, County Attorney*, for the Monroe County Park Commission.

*G. Robert Witmer* and *Andrew R. Sutherland*, for the owners, Wright and wife.

---

* Revd. on facts and matter remitted, 241 App. Div. 906. See, also, 156 Misc. 171.

LYNN, J. In the month of November, 1931, by a petition dated the twelfth of that month, this proceeding was instituted against the defendants Wright and thirty-five other persons, as owners and tenants, respectively, of property located at Nine Mile Point, so called, in the town of Webster, to acquire said property for public purposes. On the seventeenth of that month the petitioners caused to be filed in the Monroe county clerk's office a notice of the pendency of said proceeding, indexing the same against the two owners and the thirty-five tenants. The tenants, apparently, made no appearance, and the defendants Wright appeared but interposed no answer, and, after some postponements of the proceeding at Special Term, the court named three commissioners to ascertain the compensation to be made for the land, as provided by the statute. No written order, apparently, was made, or, if made, has been mislaid. This was overlooked, apparently, by counsel on both sides, and, in the meantime, the defendant's counsel proceeded to prepare for the hearing before the commissioners. There is some dispute in the papers before the court as to what caused further delays, but nothing was done in the way of holding hearings of the commissioners, and finally, in July, 1933, the defendants Wright moved this court for an order setting a definite day for the first meeting of the commissioners. This motion resulted in an application by the county attorney for permission to abandon the proceeding, under section 18 of the Condemnation Law. It is provided in that section that " upon the application of the plaintiff to be made at any time after the presentation of the petition and before the expiration of thirty days after the entry of the final order, upon eight days' notice of motion to all other parties to the proceeding who have appeared therein or upon an order to show cause, the court may, in its discretion, and for good cause shown, authorize and direct the abandonment and discontinuance of the proceeding, upon payment of the fees and expenses, if any, of the commissioners, and the costs and expenses directed to be paid in such final order, if such final order shall have been entered, and upon such other terms and conditions as the court may prescribe."

While not much has been shown here in the way of " good cause " for abandonment, it is not seriously opposed and should, I think, be granted.

The court is informed that the commissioners never made nor filed an oath of office, and, therefore, seem to be entitled to no fees or expenses and claim none.

The remaining question — and the only one upon which there has been any real controversy — is, what shall be the " other terms and conditions " upon which the abandonment shall be allowed?

The property sought to be condemned is, apparently, valuable property. It is set forth in the petition that an offer had been made, and there is presented upon this motion, by the owners, an unsigned, written offer to pay $100,000 for a conveyance of the property. As the offer was unsigned, it has, of course, no significance, except to indicate that that was considered to be the value of the property. Affidavits presented to the court set forth the work done by counsel for the owners in preparation for the hearing before the commissioners. It was eminently fitting that when the proceeding was commenced, the owner should employ counsel and that counsel should forthwith prepare to prove the value of the property before the commissioners. The bill rendered by the attorneys for this service amounts, with disbursements, to $2,650, which seems to me to be a reasonable charge for the services, considering the work that had to be done and the value of the property involved. There seems no good reason why this expense should not be one of the items to be paid upon discontinuance. It was incurred solely because the county commenced the proceeding and was thus forced upon the owners, and was a service from which the owners now get no benefit whatever. The owners claim, in addition to the expenses of counsel, a loss of $4,200, caused by the tieing up of the property by institution of this proceeding and the recording of the notice of pendency thereof. Some question is made of the items forming the total, and what should be paid to the owners as damages suffered by this proceeding is somewhat difficult to determine. That it is proper to award to the owners whatever damage they have suffered is clear, as well by natural reasoning as by authority. (*Matter of Waverly Water Works*, 85 N. Y. 479; *Matter of Trustees of White Plains*, 65 App. Div. 417.) As to the amount, the court can only use its best judgment. Here is a property worth, apparently, $100,000 or more, tied up for a period of two years, so that the owners could not sell it or lease it for any reasonable period — and this by the voluntary action of public authorities. While the recording of the notice of pendency is permitted under the statute, it is not mandatory and it was not necessary thus to place an incumbrance upon the owners' title; and surely no owner would voluntarily surrender his right to deal as he pleases with his property for a period of two years without some compensation therefor, and what a reasonable person would not voluntarily do ought not to be in the power of the State or a municipal corporation to compel him to do, and, to hold otherwise, would be to sanction the taking of property for public use without compensation, which is forbidden by both State and Federal Constitutions.

My conclusion is that the petitioner be permitted to abandon and discontinue the proceeding upon payment to the defendants Wright

of the amount of their legal expenses, $2,650, and the further sum of $2,500, or a total of $5,150. Upon failure of the petitioner to accept these terms, the motion to abandon shall be denied, with ten dollars costs, and the defendants' motion granted; and, in as much as the county attorney doubts that any commissioners were ever named, commissioners will be appointed, and the date for the first hearing set.

An order may be submitted in conformity herewith.