CITY OF GORDON, NEBRASKA, APPELLEE, V. MARSHALL D. RUSE
AND HAZEL B. RUSE, HUSBAND AND WIFE, APPELLANTS,
AND KANSAS NEBRASKA NATURAL GAS COMPANY, INC.,
ET AL., APPELLEES.
687 N.W.2d 182

Filed October 8, 2004.   No. S-03-624.

Patrick M. Connealy, of Crites, Shaffer, Connealy, Watson & Harford, and Donald G. Blankenau, of Fennemore Craig, P.C., for appellants.

John F. Simmons and Howard P. Olsen, Jr., of Simmons Olsen Law Firm, P.C., for appellee City of Gordon.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

In 2002, the City of Gordon abandoned proceedings it had instituted in the county court for Sheridan County to acquire by condemnation certain real property owned by Marshall D. Ruse and Hazel B. Ruse. The Ruses sought recovery of certain fees and costs pursuant to Neb. Rev. Stat. § 76-726(1) (Reissue 2003). The county court awarded the Ruses $1,500 in attorney fees but held that it lacked statutory authority to award other fees and expenses which they alleged to have incurred because of the condemnation action. This appeal by the Ruses presents the issue of what fees and expenses are recoverable by a landowner under § 76-726(1) when condemnation proceedings are instituted and subsequently abandoned.

## FACTS

On November 1, 2000, the city filed a petition for appointment of appraisers seeking to condemn a portion of the Ruses' property for use in the construction, operation, and maintenance of a municipal well field. The county court appointed three appraisers on November 3. The Ruses filed an answer to the petition for appointment of appraisers on December 11 affirmatively alleging that the city's proposed withdrawal of water from their land violated Nebraska law and that the city had failed to negotiate the purchase of the land in good faith. On the same day, the Ruses filed a petition in the district court for Sheridan County, seeking a temporary restraining order and injunction directed at the pending condemnation action. In that petition, the Ruses alleged that the city had failed to negotiate the purchase price of the Ruses' land in good faith, that the amount of water the city intended to withdraw daily would cause irreparable damage to the property, and that "[n]o emergency or extreme need exists to develop a

new well field at this time." Supporting affidavits of an agricultural economist and a civil engineer were attached to the petition seeking injunctive relief.

Several weeks after the filing of the petition for injunctive relief, the parties filed a stipulation in that proceeding whereby the city agreed it would not go forward with the condemnation proceeding until the Department of Natural Resources (DNR) made a decision on whether or not to grant the city's application for a permit to withdraw and transfer water.

Several hearings were subsequently held before the DNR. The DNR dismissed the city's first application, and after discovery and mutual disclosure of evidence, the city withdrew its second DNR application. On March 21, 2002, the city on its own motion dismissed the condemnation proceedings without prejudice.

On March 25, 2002, the Ruses filed a timely motion for fees and costs under § 76-726(1), alleging that they incurred significant legal and expert fees because of the condemnation proceedings. On November 26, the county court granted the Ruses' motion, but, reasoning that § 76-726(1) limits any award to those fees incurred in "proceedings over which [the county court] has jurisdiction," the court declined to award the Ruses the full amount they requested. The court determined that it could not award any amount of the fees and costs incurred by the Ruses in retaining expert witnesses because the experts never performed "any services or functions in the County Court." The county court also determined that $1,500 was a fair amount to reimburse the Ruses for the fees actually expended for their attorneys' services "in and before the County Court." After an unsuccessful appeal to the district court for Sheridan County, the Ruses perfected this timely appeal, which we moved to our docket on our own motion pursuant to our authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

The Ruses assign, restated and consolidated, that the district court erred in (1) affirming the county court's erroneous finding that § 76-726(1) prohibits it from awarding all of the Ruses' fees, costs, disbursements, and expenses and (2) failing to find that the

county court abused its discretion in awarding attorney fees of only $1,500.

## STANDARD OF REVIEW

■ When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Arthur v. Microsoft Corp.*, 267 Neb. 586, 676 N.W.2d 29 (2004); *In re Estate of Pfeiffer*, 265 Neb. 498, 658 N.W.2d 14 (2003).

■ On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion. *Simon v. City of Omaha*, 267 Neb. 718, 677 N.W.2d 129 (2004); *In re Trust Created by Martin*, 266 Neb. 353, 664 N.W.2d 923 (2003).

## ANALYSIS

The issue before us is whether § 76-726(1) limits recovery of costs, disbursements, and expenses to those incurred in a county court condemnation proceeding. The Ruses contend that § 76-726(1) is not so limited and allows them to recover the costs, disbursements, and expenses they incurred in the suit for injunctive relief filed in the district court and in the administrative proceedings before the DNR. Section 76-726(1) provides in relevant part:

> The court having jurisdiction of a proceeding instituted by an agency as defined in section 76-1217 to acquire real property by condemnation shall award the owner of any right, title, or interest in such real property such sum as will, in the opinion of the court, reimburse such owner for his or her reasonable costs, disbursements, and expenses, including reasonable attorney's, appraisal, and engineering fees, actually incurred because of the condemnation proceedings if (a) the final judgment is that the agency cannot acquire the real property by condemnation or (b) the proceeding is abandoned by the agency. If a settlement is effected, the court may award to the plaintiff reasonable expenses, fees, and costs.

In a finding not challenged on appeal, the county court determined that the city is an agency for the purposes of § 76-726(1)

and that the city's dismissal of the petition for appointment of appraisers constituted an abandonment of the condemnation proceeding. Therefore, our inquiry is limited to interpreting the statutory phrase "actually incurred because of the condemnation proceedings."

In this regard, we are guided by fundamental rules of statutory interpretation. In discerning the meaning of a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Brown v. Harbor Fin. Mortgage Corp.*, 267 Neb. 218, 673 N.W.2d 35 (2004); *Unisys Corp. v. Nebraska Life & Health Ins. Guar. Assn.*, 267 Neb. 158, 673 N.W.2d 15 (2004); *In re Interest of Tamantha S.*, 267 Neb. 78, 672 N.W.2d 24 (2003). To determine the legislative intent of a statute, a court generally considers the subject matter of the whole act, as well as the particular topic of the statute containing the questioned language. *Unisys Corp. v. Nebraska Life & Health Ins. Guar. Assn., supra.* A court must place on a statute a reasonable construction which best achieves the statute's purpose, rather than a construction which would defeat that purpose. *Brown v. Harbor Fin. Mortgage Corp., supra; In re Interest of Tamantha S., supra.*

The county court reasoned that § 76-726(1) permitted it to "only award such amount as will fairly compensate the [Ruses] for their attorneys fees and other fees and costs expended as they relate to the County Court part of the condemnation proceedings." Applying this statutory interpretation, the court determined that "[t]he fees of the expert witnesses retained by the [Ruses] cannot be awarded here, because those experts' reports were never presented to the appraisers, nor did they perform any services or function in the County Court."

In urging that we adopt this interpretation of § 76-726(1), the city argues that because the statute provides for the recovery of costs, expenses, and fees in derogation of the common law, it must be strictly construed. See, *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002); *State ex rel. AMISUB v. Buckley,* 260 Neb. 596, 618 N.W.2d 684 (2000); *Dykes v. Scotts Bluff Cty. Ag. Socy.*, 260 Neb. 375, 617 N.W.2d 817 (2000). See, also, Annot., 92 A.L.R.2d 355 (1963) (noting

recoveries under statutes providing for awards to condemnee upon abandonment of condemnation proceedings are generally denied in cases clearly not within operation of controlling statute). Strict construction, however, does not allow an interpretation which is narrower than the plain, ordinary, and popular sense of the statutory language. *Brown v. Harbor Fin. Mortgage Corp., supra.*

The statute before us here provides that a landowner be awarded reasonable costs "actually incurred because of the condemnation proceedings." § 76-726(1). The plain, ordinary, or common meaning of the phrase "because of" is "as a result of" or "in connection with." Clearly, the Ruses hired experts to establish the fair market value of their land for no reason other than they were compelled to do so as a result of and in connection with the condemnation proceedings initiated by the city. When presented with a similar issue of whether or not the fees incurred in an abandoned condemnation proceeding were the result of that proceeding and therefore recoverable, one court noted:

> It was eminently fitting that when the proceeding was commenced, the owner should employ counsel and that counsel should forthwith prepare to prove the value of the property before the commissioners. . . . There seems no good reason why this expense should not be one of the items to be paid upon discontinuance. It was incurred solely because the county commenced the proceeding and was thus forced upon the owners, and was a service from which the owners now get no benefit whatever.

*In re Bastian*, 156 Misc. 168, 170, 281 N.Y.S. 252, 255 (1933) (reversed and remitted for further proof by *Matter of Bastian v. Wright*, 241 A.D. 906, 271 N.Y.S. 1039 (1934), and terms subsequently affirmed by *In re Bastian*, 156 Misc. 171, 281 N.Y.S. 256 (1935)).

After this appeal was fully briefed, we decided *Simon v. City of Omaha*, 267 Neb. 718, 677 N.W.2d 129 (2004). Both parties argue that *Simon* supports their positions. In *Simon*, the appellants took preemptive legal action in response to an Omaha City Council resolution approving a redevelopment plan for the area in which the appellants' properties were located. In affirming the denial of the appellants' application for an award of fees, this

court noted that the resolution did not authorize the acquisition of any property and that no condemnation action was ever actually filed against the appellants' properties. We wrote:

> [G]iving effect to the entire statute and applying the statute's plain language, it is apparent that under § 76-726(1), a court-ordered award of costs, expenses, and attorney fees is appropriate *only in connection with a proceeding initiated by an agency seeking to acquire real property by condemnation.* Given the introductory expression in § 76-726(1) to "[t]he court having jurisdiction," we read "proceeding" in § 76-726(1) as referring to an action filed in court, and therefore, proceedings before the Omaha City Council even if "instituted by an agency" are not the types of proceedings which give rise to attorney fees under § 76-726(1).

(Emphasis supplied.) 267 Neb. at 728, 677 N.W.2d at 137-38.

This case is distinguishable from *Simon* in that the city *did.* institute condemnation proceedings in the county court. The Ruses argue that the expenses they incurred in the action for injunctive relief and in the administrative hearings before the DNR were clearly "in connection with" or "because of" the pending condemnation proceeding. The county court's construction of the statute now urged by the city, limiting recovery of costs and fees to only those incurred "in and before the County Court," runs contrary not only to the plain language of § 76-726(1) but also to our interpretation in *Simon* that an award of fees is appropriate when those fees were incurred "in connection with" a condemnation proceeding initiated by an agency. *Simon* supports the Ruses' argument that the construction given to § 76-726(1) by the county court was unduly narrow and failed to give effect to the plain and ordinary meaning of the statutory language.

A recent Tennessee appellate decision illustrates the critical distinction between the operative facts in *Simon* and those of this case. In *Knox ex rel. Schumpert v. Union Livestock*, 59 S.W.3d 158 (Tenn. App. 2001), the landowner first learned that the county sought to acquire its property by condemnation in late 1998 when the county commission made a recommendation to that effect. The landowner hired an attorney. The county commission thereafter passed a resolution to acquire the property. In January 1999, the landowner filed a declaratory judgment action

against the commission asserting that the resolution was illegal, arbitrary, and capricious and was not necessary for a public purpose. In August 1999, the county filed a condemnation petition in state court, which proceeded to a hearing in May 2000. At the hearing, the trial court found that the taking was necessary for a public purpose and was not arbitrary or capricious, but further determined that the 1998 resolution was improper and gave the commission 45 days to either pass a proper resolution curing the defects, in which case the court would issue its formal order giving the county possession, or have the petition dismissed. The landowner's attorney lobbied members of the commission during the 45-day period in an effort to persuade them not to pass a corrected resolution. The revised resolution was defeated by virtue of a tie vote, and after expiration of the 45 days, the county's condemnation petition was dismissed.

The landowner thereafter sought to recover its expenses pursuant to a Tennessee condemnation statute which provides in relevant part:

> "[t]he state court having jurisdiction of a proceeding initiated by any person, agency or other entity to acquire real property by condemnation shall tax the bill of costs . . . against the condemner and shall award the owner . . . such sum as will in the opinion of the court reimburse such owner for the owner's reasonable disbursements and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of condemnation proceedings[.]"

*Id.* at 160, quoting Tenn. Code Ann. § 29-17-812(b) (2000). The trial court awarded the landowner $30,000 in expenses. The landowner appealed, arguing that the trial court erred in failing to award all of its claimed expenses, including fees it incurred as a result of the declaratory judgment action filed prior to the condemnation action and fees incurred in its attorney's lobbying efforts with the county commission during the 45-day period.

The Tennessee Court of Appeals affirmed the lower court's refusal to award fees incurred in the declaratory judgment action, finding that the expenses incurred did not fit within the language of the statute because the lawsuit actually preceded the filing of the condemnation resolution and the fees were not therefore incurred "because of" the condemnation petition. However, the

appellate court determined that the trial court erred in not allowing recovery of those fees the landowner incurred as a result of its attorney's lobbying efforts. The court reasoned that while it could not say whether the revised resolution was defeated as a result of the lobbying efforts of the landowner's attorney, the "lobbying was most certainly *related* to [the landowner's] successful defense of the condemnation action" and therefore recoverable under the relevant statute. *Knox ex rel. Schumpert v. Union Livestock*, 59 S.W.3d 158, 165 (Tenn. App. 2001).

In *Simon v. City of Omaha*, 267 Neb. 718, 677 N.W.2d 129 (2004), there were no condemnation proceedings and therefore no fees and expenses incurred "because of the condemnation proceedings" within the meaning of § 76-726(1). In this case, there was a condemnation proceeding which the Ruses resisted by first seeking to have it enjoined and then by litigating the related water transfer issue in the appropriate administrative forum. The Ruses clearly took these actions "because of the condemnation proceedings" in a successful effort to defeat them. While not all of their defensive actions occurred in the county court, we conclude that § 76-726(1) gives the county court jurisdiction to award all reasonable costs, disbursements, expenses, and fees actually incurred by the Ruses in resisting the condemnation proceedings after they were filed and before they were abandoned. Because no initial determination was made concerning the reasonableness of the claimed fees and costs which the county court erroneously concluded it lacked jurisdiction to award, we reverse, and remand the cause to the district court with directions to remand to the county court for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.